# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>MOUNT PROSPECT GROUP, LLC,<br><br>Debtor. | Case No.: 10-15541(scc)<br><br>Chapter 11<br><br>Hon. Shelley C. Chapman, U.S.B.J. |

**<u>ORDER GRANTING IMMEDIATE RELIEF FROM THE AUTOMATIC STAY AND 11 U.S.C. § 543(d) SO AS TO RESTORE THE PRE-PETITION RENT RECEIVER/CUSTODIAN APPOINTED BY THE SUPERIOR COURT OF NEW JERSEY, CHANCERY DIVISION AND TO HAVE THE RECEIVER CONTINUE DURING THESE CHAPTER 11 PROCEEDINGS TO MANAGE THE REAL PROPERTY OWNED BY THE DEBTOR</u>**

THIS MATTER having come before the Court on the filing of the Order to Show Cause and Emergent Motion by SLC Holdings, LLC for the entry of an Order appointing a custodian to manage the real property owned by the Debtor, Mount Prospect Group, LLC (Brach Eichler L.L.C. appearing), and notice and opportunity for hearing have been given to the Debtor and other parties in interest as required; and for good cause shown;

IT IS ORDERED as follows:

1. The application of SLC Holdings, LLC, for immediate relief from the automatic stay and 11 U.S.C. § 543(d) so as to restore the pre-petition rent receiver/custodian appointed by the Superior Court of New Jersey, Chancery Division and to continue during these Chapter 11 proceedings to manage the real property owned by the Debtor at 445 and 449 Mount Prospect Avenue, Newark, New Jersey, shall be and is hereby GRANTED without prejudice to the right of the United States Trustee to be heard in connection with her Motion to Dismiss this chapter 11

case, or alternatively to convert this case to chapter 7 or to bring a motion for the appointment of a chapter 11 trustee;

2. David Dubrow shall be and is hereby APPOINTED as Custodian for the aforesaid property, to manage and control the same, and to demand, collect and receive from tenants in possession of the real property or any portion thereof, or any person liable therefore, all of the rents, issues and profits thereof now due and unpaid or hereafter to become due, and that the Custodian be and is hereby authorized to institute and conduct all legal conduct all legal proceedings necessary for the protection of the real property or to recover possession of the whole or any part thereof, and to institute and prosecute actions for the collection of rents due or hereafter to become due, and institute summary proceedings for the removal of any tenant or tenants.

3. The Custodian, at his option, is authorized to retain attorneys to provide such legal services as may be necessary in the performance of his duties.

4. The tenants in possession of the real property or any portion thereof or such other persons as may be in possession thereof, are hereby directed to attorney to the Custodian, and until further Order of this Court, to pay over to the Custodian, all rents, issues and profits now due and unpaid or hereafter to become due. The said tenants in possession of the real property or any portion thereof, or such other persons as may be in possession are hereby enjoined and restrained from paying such rents, issues and profits to Mount Prospect Group, LLC, or to its agents, employees or representatives.

5. Mount Prospect Group, LLC, together with its agents and employees, or any party in possession thereof, shall immediately turn over to the Custodian all of the monies now on deposit with them as rent security for the real property, to be held by the Custodian in a separate

account for the real property in a bank insured by the FDIC pursuant to the terms and provisions of any lease agreements entered into by tenants who made such deposits, and pursuant to applicable law.

6. Mount Prospect Group, LLC, together with its agents and employees, or any party in possession thereof, shall immediately turn over to the Custodian all of the monies now on deposit in any operating accounts for the real property, to be retained by the Custodian in a bank account established for this purpose for the real property, and to be used by the Custodian to its discretion for payment of operating expenses for the real property.

7. Mount Prospect Group, LLC, together with its agents and employees, or any party in possession thereof, shall deliver to the Custodian any and all papers, documents and other things affecting the rental and operation of the real property, or any part or parts thereof, which they may have in their possession, including but not limited to the following:

    (a) All keys to entrance doors, storage and boiler rooms, etc. at the real property;

    (b) All leases or amendments thereto in effect for the tenants and any equipment at the real property;

    (c) Copies of current tenant rosters, rent rolls and rent payment histories relating to the real property;

    (d) A current reconciliation of all security deposits and security deposit bank accounts for the real property;

    (e) Documents relating to utility accounts, including but not limited to gas, electric, water, heat and telephone service for the real property;

    (f) Copies of all current insurance policies in effect for the real property;

(g) Copies of all contracts in effect relating in any way to the real property, such as contracts with vendors and property managers;

(h) An employee roster and payroll information for the real property;

(i) Documents relating to any court proceedings relating to tenants or leases at the real property;

(j) An equipment and inventory list for the real property; and

(k) Such other documents, records or information that the Custodian may reasonably require to manage, lease and maintain the real property.

8. The Custodian is hereby authorized from time to time to rent or lease any part of the real property for a term not exceeding one year (unless otherwise authorized by this Court), to keep the real property insured against loss, damage by fire or public liability, to pay taxes, municipal assessments and water and sewer charges due on the real property to file a tax appeal for the real property and otherwise to do all things necessary for the due care and proper management of the real property.

9. Mount Prospect Group, LLC, together with its agents, employees and representatives are hereby enjoined and restrained from demanding, collecting or receiving any rents, issues and profits from the Property which are now due and unpaid or which hereafter become due pending further Order of this Court.

10. The Custodian shall deposit all monies received from the real property in a bank account established for the real property in its own name as Custodian to be used to pay the current expenses of management, (including a reasonable management fee, not to exceed eight (8%) percent of collected rents, for the Custodian to be approved by this Court) such as utilities,

taxes, waste removal, landscaping, repairs, maintenance and other items necessary for the care of the real property; and, shall retain the balance of the monies until the further Order of this Court.

11. Mount Prospect Group, LLC, together with its agents, employees and representatives are hereby ordered to cooperate in all respects with the Custodian in order to enable the Custodian to collect the rents and pay the expenses of the Property as set forth herein.

12. The Custodian, and any party in interest in this lawsuit, may apply to this Court at any time, on proper notice to all parties in the case, for further or other instructions and for further authorization necessary to enable the Custodian to properly fulfill its duties hereunder.

13. A true copy of this Order shall be served upon Mount Prospect Group, LLC, within seven (7) days hereof. In furtherance of its duties hereunder, the Custodian/receiver shall serve a copy of this Order on all tenants at the real property and on all persons or entities in possession of the real property, or any portion thereof, or in possession of any rents, issues, profits or security deposits relating to the real property.

Dated: Decebmer 6, 2010
      New York, New York

                                             /s/Shelley C. Chapman
                                                     U.S.B.J.